2007 BNH 017
_____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:                                                                   Bk. No. 05-15751-MWV
                                                                         Chapter 7
Ann M. Cohen,
        Debtor

Rivers Edge Condominium
Homeowners Association,
        Plaintiff

v.                                                                       Adv. No. 06-1050-MWV

Ann M. Cohen,
        Defendant


*Charles W. Gallagher, Esq.*
HAUGHEY, PHILPOT & LAURENT, P.A.
*Attorney for Plaintiff*

*Thomas Morgan, Esq.*
*Attorney for Defendant*


## MEMORANDUM OPINION

Rivers Edge Condominium Homeowners Association (the "Plaintiff") is a judgment creditor of the Debtor, Ann M. Cohen, (the "Defendant"). The Plaintiff was awarded a default judgment in a Massachusetts superior court for damages related to an unfulfilled roofing contract. The Plaintiff commenced this adversary proceeding for the purpose of obtaining a ruling excepting the debt from discharge pursuant to section 523(a)(2)(A) of the Bankruptcy Code.[1] The Plaintiff then filed a motion for summary judgment on the theory that the default judgment has preclusive effect in this Court. The Defendant answered the complaint, objected to the motion for summary judgment, and filed her own motion for summary judgment, to which the Plaintiff objected. The Court heard the parties at a

---

[1] All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. § 101 to 1330.

November 13, 2006, hearing and took the matter under advisement pending the filing of affidavits.  For the reasons stated below, both motions for summary judgment are denied.

## JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

At the time she filed her bankruptcy petition, the Defendant and her husband were doing business as First Choice Roofing ("First Choice"), a roofing contractor.  First Choice contracted with the Plaintiff to replace roofs on five condominium buildings and perform other roofing work at a cost of $194,000.  The contract was executed on November 24, 2002, and First Choice was to complete the work within fifty-six days, subject to a contractual provision governing weather-related delays.  Pursuant to the contract, the Plaintiff paid First Choice $74,000 upon commencement of the work.

In January 2004, the Plaintiff filed a complaint against First Choice in a Massachusetts superior court seeking damages for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, negligence, conversion, misrepresentation, fraud, and unfair and deceptive business practices under Mass. Gen. Laws ch. 93A, §§ 2 and 9.  The underlying factual allegations were that First Choice delayed the project for reasons not permitted under the contract, failed to complete even half of the job, left unfinished chimneys exposed causing unsafe conditions, damaged gutters and atriums causing water damage, and abandoned the job.  The Plaintiff also alleged that First Choice spent the $74,000 on other projects and for personal use, that First Choice never intended to finish the project, and that First Choice tried to extort further contractual payments from the Plaintiff.  First Choice failed to

defend itself in the superior court and a default judgment was awarded. The superior court found the actual damages to be $60,400, which it trebled pursuant to Mass. Gen. Laws ch. 93A, § 9(3), for First Choice's willful and knowing violation of that statute, and awarded attorney fees of $7,594, for a total judgment of $188,794 with an interest rate of twelve percent. The Defendant filed a voluntary Chapter 7 petition on October 15, 2005, in which she listed the Plaintiff as holding a $225,000 unsecured claim.

## DISCUSSION

Under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rodriguez-Pinto v. Tirado-Delgado, 982 F.2d 34, 38 (1st Cir. 1993) (quoting Fed. R. Civ. P. 56(c)). Courts ruling on a motion for summary judgment should read the "record in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

Section 523(a)(2)(A) provides:

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). The Plaintiff argues that the superior court made findings that First Choice committed misrepresentation and fraud. As such, the Plaintiff continues, the elements of section 523(a)(2)(A) have already been established, and the superior court judgment has preclusive effect in this Court pursuant to the doctrines of res judicata and collateral estoppel.

Res judicata is not appropriate in exception to discharge cases "since such an action is being raised for the first time in bankruptcy court." In re Vrusho, 321 B.R. 607, 611 (Bankr. D.N.H. 2005) (citing Brown v. Felsen, 442 U.S. 127, 132 (1979)); see also In re Tracey, 250 B.R. 468, 470–71 (Bankr. D.N.H. 2000); In re Smith, 189 B.R. 240, 243–44 (Bankr. D.N.H. 1995) (res judicata is especially not appropriate when, as in the instant case, the underlying litigation involved more than just allegations of fraud or misrepresentation).

Collateral estoppel, though, is applicable to exception to discharge proceedings, Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991), if the movant establishes the following: "1) the issue sought to be precluded must be the same as that involved in a prior action; 2) the issue must have been actually litigated; 3) the determination of the issue must have been essential to the final judgment; and 4) the party against whom estoppel was invoked must be fully represented in the prior action." In re Weston, 307 B.R. 340, 343 (Bankr. D.N.H. 2004).

The parties disagree over whether false representation or fraud was actually litigated in the superior court. There is a "strong presumption" against according collateral estoppel preclusive effect to default judgments, and the presumption will only be rebutted upon a finding "that a party's reasons for not litigating are such that the interests of fairness militate against the non-preclusion of issues already raised but not litigated." Dein Host, Inc. v. Pignato, 86 B.R. 318, 323 (D.N.H. 1988); see also In re Kane, 254 F.3d 325, 329 (1st Cir. 2001) (identifying default judgments as examples of matters not "actually litigated"). In this case, there is no evidence of an improper motive on the part of the Defendant for not litigating in the superior court. In fact, she claims to have attended the damages hearing in the superior court but was prevented from speaking or contesting the damages. (Ct. Doc. No. 9.) The Court finds that the presumption applies and the merits of the Plaintiff's case against the Defendant were not "actually litigated" in the superior court. As such, the superior court's judgment has no preclusive effect.

The Court also questions whether the superior court even made findings of false pretenses, false representation, or fraud. Although the superior court's "Findings and Judgment" states that "[t]he factual

allegations of plaintiff's claim are accepted as true and the court credits the affidavit of Mark Audette," this is not tantamount to findings of false representation or fraud.  (Ct. Doc. No. 10, Ex. 1.)

Also, without having had the benefit of the issues litigated before it, the superior court did not base its judgment on false representation or fraud—or on any one particular count—but instead on the allegations *in toto*, stating:

> 7.  I find that the Plaintiff's damages for the above referenced Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Unjust Enrichment; Negligence; Conversion, Misrepresentation and Fraud; and Unfair and Deceptive Business Practices, M.G.L. c. 93A, §§ 2, 9 are $60,400.00.
>
> 8.  I find that the Plaintiff is entitled to have its damages trebled for Defendants' willful and knowing violation of M.G.L. c. 93A, which increases the damages to $181,200.00.
>
> 9.  I find that the Plaintiff is entitled to reasonable attorney fees and costs for the Defendants' willful and knowing violation of M.G.L. c. 93A in the amount of $7,594.00.

(Ct. Doc. No. 10, Ex. 1.)  The mere mention of misrepresentation and fraud in paragraph 7 is not the equivalent of a finding of false pretenses, false representation, or actual fraud for purposes of section 523(a)(2)(A).  See In re Baylis, 313 F.3d 9, 17 (1st Cir. 2002) (exceptions to discharge are narrowly construed).

Even if the judgment was based solely on Mass. Gen. Laws ch. 93A, "chapter 93A violations and fraud are not synonymous, and . . . chapter 93A liability may be premised on conduct other than fraud."[2] Stoehr v. Mohamed, 244 F.3d 206, 209 (1st Cir. 2001).  Also, the fact that the superior court trebled the damages is not evidence that it found misrepresentation or fraud.  The superior court trebled the damages pursuant to Mass. Gen. Laws ch. 93A, § 9, which allows trebling for willful or knowing violations of section two of the statute.  The statute does not require a court to find false pretenses, false representation, or fraud before it can treble the damages.  Neither misrepresentation nor fraud was a necessary component of the superior court's judgment.

---

[2]  Section 2(a) of chapter 93A provides: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."  Mass. Gen. Laws ch. 93A, § 2(a).

The Plaintiff relies on Stoehr, in which collateral estoppel precluded the bankruptcy court from reconsidering the superior court's ruling that the would-be-debtor violated Mass. Gen. Laws ch. 93A. However, Stoehr is distinguishable from this case in two important ways. First, Stoehr was not decided by default judgment. Second, "[t]here [was] ample record support for the conclusion that the superior court based its chapter 93A judgment on Stoehr's fraudulent conduct." Stoehr, 244 F.3d at 208.

Collateral estoppel aside, summary judgment is not warranted to either party on the record before the Court. The Defendant's affidavit disputes nearly every fact alleged by the Plaintiff, including the amount of work that First Choice completed, the reasons for the delay, whether First Choice intended to complete the job, and how the $74,000 was spent. Additionally, the Defendant alleges that the Plaintiff, not First Choice, breached the contract. The Defendant's exhibits attached to her affidavit indicate that her statements may be more than bare denials and allegations. When it considers the record in the light most favorable to the Defendant, the Court is compelled to deny the Plaintiff's motion for summary judgment. Then, looking at the evidence in the light most favorable to the Plaintiff, the Court also denies the Defendant's motion for summary judgment, as it not beyond possibility that the Plaintiff can demonstrate false pretenses, false misrepresentation, or fraud.

## CONCLUSION

Both parties' motions for summary judgment are denied. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 26th day of April, 2007, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge